# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59908-2-II |
| Respondent, | |
| v. | |
| JONATHAN EARL SHAW, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Jonathan Shaw appeals the judgment and sentence issued following his convictions of second degree rape, indecent liberties, first degree incest, and second degree incest. He argues, and the State concedes, that the judgment and sentence contains multiple scrivener's errors. First, the judgment and sentence listed incorrect date ranges for his offenses. Second, the judgment and sentence mistakenly listed four indeterminate sentences instead of one indeterminate sentence and three determinate sentences. We agree and remand for the trial court to correct the scrivener's errors in Shaw's judgement and sentence.

## FACTS

In May 2021, Jonathan Shaw was charged with second degree rape (count 1), indecent liberties (count 2), first degree incest (count 3), and second degree incest (count 4). Originally, the information alleged that each of the offenses took place between April 12, 2021 and April 16, 2021. The State later amended the date ranges of the offenses. The second amended information

clarified that Shaw committed counts 1, 2, and 3 between February 23, 2021 and April 26, 2021. The date range of count 4 was amended to between January 1, 2016 and April 26, 2021. The jury instructions contained the updated date ranges. Shaw was convicted on all four counts.

The judgment and sentence lists the date ranges for all of Shaw's convictions incorrectly. The judgment and sentence shows counts 1 and 2 as starting on January 1, 2016 instead of February 23, 2021. Counts 3 and 4 were given the start dates of April 12, 2021 instead of February 23, 2021 and January 1, 2016 respectively.

The parties agreed at sentencing that count 1 qualified Shaw for indeterminate sentencing under RCW 9.94A.507(3)(a). The State argued for determinate sentences for counts 2, 3, and 4. The trial court orally sentenced Shaw to an indeterminate sentence of 210 months to life on count 1 and determinate sentences of 116, 102, and 60 months for counts 2, 3, and 4. However, the judgment and sentence lists the sentences for all four convictions as indeterminate sentences pursuant to RCW 9.94A.507.

Shaw appeals his judgment and sentence.

## ANALYSIS

Shaw argues, and the State concedes, that the beginning dates of all counts and the indeterminate sentences for counts 2, 3, and 4 are scrivener's errors that must be corrected.

The record clearly shows that the judgment and sentence lists incorrect beginning dates for all of Shaw's convictions. Similarly, the record clearly shows that the trial court intended to impose determinate sentences rather than indeterminate sentences for counts 2, 3, and 4. Therefore, these scrivener's errors must be corrected.

CONCLUSION

We remand for the trial court to correct the scrivener's errors in Shaw's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

GLASGOW, J.